**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKE REYES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNRISE CREDIT SERVICES, INC.,<br><br>Defendant. | Case No.<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff Mike Reyes brings this class action against Defendant Sunrise Credit Services, Inc. and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

2. Plaintiff, Mike Reyes ("Plaintiff"), brings this class action for damages resulting from Sunrise Credit Services, Inc.'s ("Sunrise Credit" or "Defendant") placement of debt collection text messages to Plaintiff's cellular phone after Plaintiff notified Defendant in writing that he wished Defendant to cease further communications with Plaintiff, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act").

3. Defendant is a nationwide debt collector. As part of its debt collection operations, Defendant sends consumers multiple debt collection text messages in an attempt to collect alleged debts, even after consumers have communicated in writing that they do not wish to receive further communications.

4. Plaintiff is one such consumer. After receiving a series of debt collection messages from Defendant attempting to collect alleged debts owed to AT&T Internet, Plaintiff notified Defendant in writing that he wished Defendant to cease further debt collection text messages.

5. Nonetheless, Defendant continued to send Plaintiff debt collection text messages after Plaintiff communicated his desire to cease further communications.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and the Class members. Plaintiff

also seeks statutory damages on behalf of Plaintiff and members of the Classes, and any other available legal or equitable remedies.

7. Plaintiff seeks relief for himself, and all others similarly situated for Defendant's unlawful behavior.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because his claims arise under the federal Fair Debt Collection Practices Act. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

9. Supplemental jurisdiction exists for the Rosenthal Act claim under 28 U.S.C. § 1367.

10. The Court has personal jurisdiction over Defendant because Defendant conducts business within this District and because the complained of conduct of Defendant occurred within Los Angeles County, California.

11. Venue is proper in this District as the acts that give rise to Plaintiff's claims, including but not limited to Defendant's sending of text messages to Plaintiff, occurred within this District.

## PARTIES

12. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Los Angeles County, California.

13. Defendant is a New York corporation whose principal office is located at 8 Corporate Ctr. Drive, Suite 300, Melville, NY 11747. Defendant is a collection agency whose principal purpose is the collection of debts, and it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTS

14. Plaintiff is a "debtor" within the meaning of Cal. Civ. Code § 1788.2(h).

15. Defendant is a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c).

16. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

17. Section 1692c(c) of the FDCPA is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.

18. Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

19. Under the Rosenthal Act, the definition of "debt collector" is broader and more inclusive than under the FDCPA because the Rosenthal Act allows for those collecting debts on their own behalf to be considered "debt collectors." See Cal. Civ. Code § 1788.2(c).

20. On or about April 2026, Defendant began sending debt collection text messages to Plaintiff's cellular telephone, number (XXX) XXX-9077, from short code number 42712, in an attempt to collect alleged debts.

21. The text messages identified Defendant as a debt collector, referenced the original creditor, AT&T Internet, and the alleged balance owed. The messages directed Plaintiff to visit a website or call Defendant's phone number to resolve his account, and noted that they were attempts to collect debts.

22. The messages Defendant sent to Plaintiff were substantially similar to one another and to messages Defendant sent to other consumers across the country.

23. On or about April 7, 2026, after receiving debt collection text messages from Defendant, Plaintiff notified Defendant in writing that he wished Defendant to cease further communications with Plaintiff by sending Defendant a written message stating: "Stop" as shown below:




24. Despite Plaintiff's written communications requesting that Defendant cease further contact, Defendant continued to send Plaintiff debt collection text messages after Plaintiff communicated his written requests that Defendant cease further communications, including but not limited to messages sent on April 8, 2026, April 9, 2026, April 10, 2026, and April 13, 2026, as shown below:


3:42
5G
sunrise
5/5 results found
for info or STOP to end.CA
LIC#1093-99
Stop
Wednesday, Apr 8 • 1:49 PM
Sunrise, a debt collector represents At&t Internet Air. To Pay,click https://scspay.com/e3cyo9esdwvo Call 888-764-5818. Text HELP for info or STOP to end.CA LIC#1093-99
Thursday, Apr 9 • 12:16 PM
Sunrise, a debt collector


3:42
5G
sunrise
5/5 results found
Thursday, Apr 9 • 12:16 PM
Sunrise, a debt collector represents At&t Internet Air. To Pay,click https://scspay.com/e3cyo9esdwvo Call 888-764-5818. Text HELP for info or STOP to end.CA LIC#1093-99
Friday, Apr 10 • 3:04 PM
Sunrise, a debt collector represents At&t Internet Air. To Pay,click https://scspay.com/e3cyo9esdwvo Call 888-764-5818. Text HELP for info or STOP to end.CA




25. Plaintiff's time was wasted tending to Defendant's text messages sent after he communicated his request that Defendant cease further communications.

26. Moreover, Defendant's continued debt collection messages annoyed, frustrated, and angered Plaintiff.

27. Plaintiff's receipt of Defendant's unauthorized debt collection messages drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on his phone and battery.

28. Plaintiff is informed and believes that Defendant sent the same or similar text messages to members of the putative Classes after they asked Defendant to cease its debt collection texts.

29. Defendant's text messages caused Plaintiff and the Class members harm, including wasted time responding to the texts, violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

### A. The Proposed Classes

31. Plaintiff brings this case on behalf of the following Classes defined as follows:

> **FDCPA Class: All persons within the United States to whom Defendant or its agent/s and/or employee/s sent a debt collection text message to said person's cellular telephone within the one year period prior to the filing of the Complaint, after said person had previously communicated in writing a refusal to pay the debt and/or a request that Defendant cease further communication.**
>
> **Rosenthal Act Class: All persons with California addresses to whom Defendant or its agent/s and/or employee/s sent a debt collection text message to said person's cellular telephone within the one year period prior to the filing of the Complaint, after said person had previously communicated in writing a refusal to pay the debt and/or a request that Defendant cease further communication, in violation of Cal. Civ. Code § 1788.17.**

32. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

33. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B. Numerosity**

34. Upon information and belief, Defendant has placed debt collection text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States and California after receiving written communications asking it to cease contact. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**C. Common Questions of Law and Fact**

36. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

a. Whether Defendant sent debt collection text messages to Plaintiff and Class members' cellular telephones after being advised in writing to cease communications;

b. Whether Defendant's practice of sending debt collection text messages to consumers after being asked to cease doing so violates the FDCPA and the Rosenthal Act;

c. Whether Defendant is liable for damages, and the amount of such damages; and

d. Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places debt collection text messages to telephone numbers assigned to cellular telephone services after being asked to cease communications is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**F. Proceeding Via Class Action is Superior and Advisable**

40. A class action is the superior method for the fair and efficient adjudication of this controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA. In addition, the interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

41. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

42. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

43. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

44. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

45. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Classes.

**COUNT I**
**<u>Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c)</u>**
**(On Behalf of the Plaintiff and the FDCPA Class)**

46. Plaintiff repeats and re-alleges paragraphs 1 through 45 of this Complaint and incorporates them by reference herein.

47. The FDCPA, 15 U.S.C. § 1692c(c) provides that "If a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

48. Plaintiff and members of the putative class each notified Defendant in writing that they wished Defendant to cease further communications by communicating in writing their refusal to pay the debt and/or their desire that Defendant cease further

contact, but Defendant nonetheless proceeded to send Plaintiff and members of the putative class subsequent debt collection text messages.

49. Moreover, Defendant's subsequent post-Stop messages sought to collect consumers debts and demanded payments from Plaintiff and members of the putative class; the messages did not advise that Defendant's further efforts were being terminated nor did they state that Defendant may invoke specified remedies which are ordinarily invoked by Defendant or notify Plaintiff or members of the putative class that Defendant intended to invoke a specified remedy.

50. As a result of Defendant's violations of 15 U.S.C. § 1692c(c), Plaintiff and the FDCPA Class members are entitled to an award of actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, and attorneys' fees and costs.

51. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

**COUNT II**
**Violation of Cal. Civ. Code § 1788.17**
**(On Behalf of Plaintiff and the Rosenthal Act Class)**

52. Plaintiff re-alleges and incorporates paragraphs 1-45 as if fully set forth herein.

53. Section 1692c(c) of the FDCPA, incorporated into the Rosenthal Act by Cal. Civ. Code § 1788.17, states that "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." 15 U.S.C. § 1692c(c).

54. Plaintiff notified Defendant in writing that he wished Defendant to cease further communications with him. Despite knowing this, Defendant communicated with Plaintiff in connection with the collection of the Consumer Debt in violation of Cal. Civ. Code § 1788.17.

55. Plaintiff and members of the Rosenthal Act Class each notified Defendant in writing that they wished Defendant to cease further communications, but Defendant nonetheless proceeded to send subsequent debt collection text messages in violation of Cal. Civ. Code § 1788.17.

56. As a result of Defendant's violations of Cal. Civ. Code § 1788.17, Plaintiff and the Rosenthal Act Class members are entitled to an award of statutory damages pursuant to Cal. Civ. Code § 1788.17 & 1788.30(b),[1] attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.17,[2] and any other relief the Court deems appropriate.

57. By virtue of the foregoing, Plaintiff and the Rosenthal Act Class are entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief against Defendant:

a. An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b. A declaration that Defendant's practices described herein violate the FDCPA, 15 U.S.C. § 1692c(c), and the Rosenthal Act, Cal. Civ. Code § 1788.17;

c. Actual and statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

[1] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(2)(A).

[2] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(3).

d. Statutory damages pursuant to Cal. Civ. Code § 1788.17 & 1788.30(b);

e. An injunction requiring Defendant to cease all unlawful debt collection communications after receiving written cease communication requests;

f. An award of attorneys' fees and costs to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.17;

g. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: May 18, 2026

Respectfully submitted,

By: */s/ Scott Edelsberg*

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*